1  BARRY E. MALLEN (Bar No. CA 120005)
       E-mail: bmallen@manatt.com
2  CHAD S. HUMMEL (Bar No. CA 139055)
       E-mail: chummel@manatt.com
3  RAAQIM KNIGHT (Bar No. CA 217630)
       E-mail: rknight@manatt.com
4  MANATT, PHELPS & PHILLIPS, LLP
   11355 West Olympic Boulevard
5  Los Angeles, CA 90064-1614
   Telephone: (310) 312-4000
6  Facsimile: (310) 312-4224

7  Attorneys for Defendants
   *LA ARENA COMPANY, LLC, AEG LIVE, LLC*
8  *(formerly known as AEG CONCERTS LLC),*
   *GOLDENVOICE, LLC, ANSCHUTZ CORPORATION*
9  *and ANSCHUTZ ENTERTAINMENT GROUP, INC.*

10 JOHNNY DARNELL GRIGGS, (Bar No. CA 110640)
   GREGORY G. GORMAN (Bar No. CA 132724)
11 STRATEGIC COUNSEL PLC
   523 W. Sixth Street, Suite 1128
12 Los Angeles, CA 90014
   Telephone: (213) 895-7010
13 Facsimile: (310) 895-7020

14 Attorneys for Plaintiff
   *FORUM ENTERPRISES, INC.*

15

16

17

18                    UNITED STATES DISTRICT COURT

                    CENTRAL DISTRICT OF CALIFORNIA

19 FORUM ENTERPRISES, INC.,              USDC Case No. CV 06-5583 DDP
                                         (MANx)
20            Plaintiff,
                                         **STIPULATION AND ORDER RE:**
21      vs.                              **DISMISSAL AND**
                                         **ARBITRABILITY OF DISMISSED**
22 LA ARENA COMPANY, LLC, AEG            **CLAIMS**
   LIVE LLC, GOLDENVOICE, LLC,
23 ANSCHUTZ CORPORATION, AEG
   CONCERTS LLC and ANSCHUTZ            Action Filed:  September 6, 2006
24 ENTERTAINMENT GROUP,                 Trial Date:    None Set

25            Defendants.

26

27      This Stipulation is entered into by and between Plaintiff, Forum Enterprises,

28 Inc. ("FEI"), on the one hand, and Defendants LA Arena Company, LLC

   ("LAAC"), AEG Live, LLC (formerly known as AEG Concerts, LLC) ("AEG

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES


STIPULATION

FILED
CLERK, U.S. DISTRICT COURT
DEC 26 2006
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY
Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

DOCKETED ON CM
DEC 28 2006
BY                145

1    Live"), Goldenvoice, LLC ("Goldenvoice"), Anschutz Corporation and Anschutz

2    Entertainment Group, Inc., on the other hand (collectively, "Defendants"), as

3    follows:

4            WHEREAS, FEI and LAAC are parties to a Restated and Amended

5    Exclusive Booking Agreement dated April 16, 2003 ("Exclusive Booking

6    Agreement");

7            WHEREAS, Paragraph 14(e) of that Agreement provides that any dispute

8    regarding this Agreement shall be submitted for arbitration in Los Angeles,

9    California, in accordance with the commercial arbitration rules of the American

10    Arbitration Association.

11           WHEREAS, on September 5, 2006, FEI purported to terminate the Exclusive

12    Booking Agreement;

13           WHEREAS, LAAC has disputed FEI's right to terminate the Exclusive

14    Booking Agreement;

15           WHEREAS, on September 6, 2006, FEI filed a complaint against the

16    Defendants alleging claims for violation of Section 2 of the Sherman Act (first

17    claim), fraud in the inducement (second claim), breach of contract (third claim),

18    unfair competition (fourth claim), misappropriation (fifth claim), breach of

19    fiduciary duty (sixth claim), intentional interference with prospective economic

20    advantage (seventh claim) and accounting (eighth claim);

21           WHEREAS, on October 24, 2006, LAAC, AEG Live and Goldenvoice filed

22    a Demand for Arbitration against FEI in front of the American Arbitration

23    Association, Case No. 72 140 Y 01199 06JRJ ("Arbitration Proceeding"), asserting

24    claims for declaratory judgment that the Exclusive Booking Agreement has not

25    been terminated, breach of contract, and accounting;

26           WHEREAS, on November 6, 2006, Defendants filed a notice of motion and

27    motion to dismiss FEI's first claim for relief for violation of Section 2 of the

28    Sherman Act and fourth claim for relief for unfair competition pursuant to FRCP

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

· 2

STIPULATION

1    12(b)(6) ("Motion to Dismiss");

2    WHEREAS, Defendants' Motion to Dismiss is currently scheduled to be

3    heard on January 8, 2007;

4    WHEREAS, FEI has filed a notice of motion and motion to compel

5    arbitration of each of the claims for relief it asserted in its complaint, and that

6    motion has been set for hearing for January 8, 2007;

7    WHEREAS, Defendants have indicated their intent to oppose the motion to

8    compel arbitration as to the two claims which are currently the subject matter of

9    Defendants' Motion to Dismiss (first claim for violation of Section 2 of the

10   Sherman Act and fourth claim for unfair competition), and all claims asserted as to

11   Defendants Anschutz Corporation and Anschutz Entertainment Group, Inc.

12   ("AEG");

13   WHEREAS, on November 29, 2006, FEI filed a Cross-Claim in the

14   Arbitration Proceeding before the American Arbitration Association asserting, as

15   cross claims, the same claims for relief against the same parties (as Cross-

16   Respondents) as are alleged in the complaint FEI filed in this action on September

17   6, 2006.

18   NOW, accordingly, the parties hereby stipulate as follows:

19   1.    Defendants LAAC, AEG Live, Goldenvoice and AEG will stipulate to

20   the arbitrability, as to them, of each of the claims for relief set forth in FEI's

21   complaint including, without limitation, the first claim for relief for violation of

22   Section 2 of the Sherman Act and the fourth claim for unfair competition, which

23   claims LAAC, AEG Live and Goldenvoice had previously contended were exempt

24   from arbitration, and which are the subject of Defendants' Motion to Dismiss;

25   2.    Defendants' Motion to Dismiss and FEI's Motion to Compel

26   Arbitration will be taken off calendar;

27   3.    FEI will dismiss its complaint, and each and every claim for relief set

28   forth therein, against each Defendant, without prejudice, subject to its right, as set

1   forth herein, to reassert these claims, as a Cross-Claimant, in the pending

2   Arbitration Proceeding, as to LAAC, AEG Live, Goldenvoice and AEG.

3        4.    AEG reserves its rights to assert, in the Arbitration Proceeding, that it

4   is not a proper party, and that there is no arbitratable jurisdiction as to it, and should

5   therefore be dismissed on that basis.

6        5.    The parties agree that in the Arbitration Proceeding the arbitrator(s)

7   shall be bound to apply the Federal Rules of Evidence and Federal Rules of Civil

8   Procedure, which shall govern all aspects of the arbitration of the parties' dispute,

9   including, without limitation, each party's right to file dispositive motions under

10  Federal Rules 12 and 56.

11       6.    The parties agree that the arbitration panel, in rendering an award on

12  FEI's Section 2 claim, shall follow, apply, and be bound by federal law, as if the

13  Section 2 claim and defenses thereto were being litigated and adjudicated in the

14  United States District Court for the Central District of California; and further that

15  the arbitration panel, in rendering an award on FEI's and LAAC's, AEG Live's,

16  Goldenvoice's and AEG's claims and defenses, shall follow, apply, and be bound

17  by California law

18       7.    Anschutz Corporation shall be promptly dismissed by FEI as a Cross-

19  Respondent in connection with the Cross-Claim filed by FEI in the Arbitration

20  Proceeding and shall not be a party thereto.  Anschutz Corporation releases FEI

21  from any and all claims, including claims for attorney's fees and malicious

22  prosecution, in connection with being named as a defendant in this action, or Cross-

23  Respondent in the Arbitration Proceeding.  FEI's dismissal of Anschutz

24  Corporation as a Cross-Respondent in the Arbitration Proceeding is without

25  prejudice to its rights under the Federal Rules of Civil Procedure, and as permitted

26  in the Arbitration Proceeding, to conduct third party discovery of Anschutz

27  Corporation and to file a motion to amend its pleadings to assert claims against

28  Anschutz Corporation in the Arbitration Proceeding.  Anschutz Corporation, in

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

4

**STIPULATION**

1  turn, reserves the right to oppose and object to any discovery directed to it pursuant

2  to the grounds available to it under the Federal Rules of Civil Procedure and

3  Federal Rules of Evidence, and to oppose any motion to add it as a Cross-

4  Respondent in the Arbitration Proceeding. To the extent that the arbitration panel

5  grants a motion to add Anschutz Corporation as a party to the Arbitration

6  Proceeding, counsel herein for Defendants agree to accept service on behalf of

7  Anschutz Corporation.

8        8.    This Court retains jurisdiction in order to enforce the terms of this

9  stipulation and to adjudicate any petition to confirm arbitration award filed by

10  either party.

11  DATED: December 21, 2006

12                              STRATEGIC COUNSEL, PLC

13                              By

14                                 Johnny Darnell Griggs
                                   Attorneys for Plaintiff
15                                 FORUM ENTERPRISES, INC

16

17  DATED: Dec 22___, 2006

18                              MANATT, PHELPS & PHILLIPS, LLP

19                              By:

20                                 Barry E. Mallen
                                   Attorneys for Defendants
21                                 LA ARENA COMPANY, LLC, AEG
                                   LIVE, LLC, GOLDENVOICE, LLC,
22                                 ANSCHUTZ CORPORATION and
                                   ANSCHUTZ ENTERTAINMENT
23                                 GROUP, INC.

24                              **ORDER**

25        IT IS HEREBY ORDERED:

26  DATED: December 26, 2006.

27                              _____
                                JUDGE OF THE UNITED
28                              STATES DISTRICT COURT

41063546.2

# PROOF OF SERVICE

1

2      I, Candi Saul, declare:

3      I am a citizen of the United States and employed in Los Angeles County,
California. I am over the age of eighteen years and not a party to the within-entitled
4   action. My business address is 11355 West Olympic Boulevard, Los Angeles,
California 90064-1614. On December 22, 2006 I served a copy of the within
5   document(s): STIPULATION AND ORDER RE: DISMISSAL AND
ARBITRABILITY OF DISMISSED CLAIMS

6
         ☐   by transmitting via facsimile the document(s) listed above to the fax
7            number(s) set forth below on this date before 5:00 p.m.

8        ☒   by placing the document(s) listed above in a sealed envelope with postage
             thereon fully prepaid, in the United States mail at Los Angeles, California
9            addressed as set forth below.

10       ☐   by placing the document(s) listed above in a sealed envelope and affixing a
             pre-paid air bill, and causing the envelope to be delivered to an agent for
11           delivery.

12       ☐   by personally delivering the document(s) listed above to the person(s) at the
             address(es) set forth below.
13
             **Johnny Darnell Griggs, Esq.**
14           **Gregory G. Gorman, Esq.**
             **STRATEGIC COUNSEL, PLC**
15           **523 W. Sixth Street, Suite 1128**
             **Los Angeles, CA 90014**
16           Tel: (213) 895-7010
             Fax: (213) 895-7020
17

18      I am readily familiar with the firm's practice of collection and processing
correspondence for mailing. Under that practice it would be deposited with the
19   U.S. Postal Service on that same day with postage thereon fully prepaid in the
ordinary course of business. I am aware that on motion of the party served, service
20   is presumed invalid if postal cancellation date or postage meter date is more than
one day after date of deposit for mailing in affidavit.
21
         I declare that I am employed in the office of a member of the bar of this court
22   at whose direction the service was made.

23      Executed on **December 22, 2006**, at Los Angeles, California.

24

25                                        Candi Saul

26

27   41071493.1

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES